IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CLARENCE V. DAVIS, et al., *Plaintiffs*, v. BANK OF AMERICA, N.A., *Defendant*. | Civil Action No. ELH-19-1010 |

**MEMORANDUM OPINION**

Plaintiffs Clarence and Beverly Davis filed a two-count Complaint against defendant Bank of America, N.A. ("BANA" or the "Bank"), alleging negligence and fraud in connection with their home mortgage loan. ECF 3 ("Complaint").[1] In Count One, plaintiffs assert that BANA "negligently serviced" the loan by changing its terms without plaintiffs' knowledge or consent, resulting in "the collection of excess monies" by the Bank. *Id.* ¶ 19. Count Two alleges that BANA "fraudulently serviced" plaintiffs' loan, by "altering the loan terms, without authorization or right." *Id.* Plaintiffs submitted five exhibits with the Complaint. ECF 3-1 to ECF 3-5.[2]

BANA has moved to dismiss for failure to state a claim, pursuant to Fed. R. Civ. P. 8(a), 9(b), and 12(b)(6). ECF 16. The motion is supported by a memorandum of law. ECF 16-1 (collectively, the "Motion"). Plaintiffs oppose the Motion. ECF 17 ("Opposition").[3] And,

---

[1] Plaintiffs originally filed suit in the Circuit Court for Baltimore City. ECF 1-3. On April 3, 2019, BANA timely removed this case to federal court on the basis of diversity of citizenship jurisdiction, pursuant to 28 U.S.C. §§ 1332, 1441. ECF 1 ("Notice of Removal").

[2] Although plaintiffs' suit is titled "Complaint for Fraud, Intentional Damage to Economic Benefit, and Breach of Contract," the suit does not contain a breach of contract claim.

[3] As defendant points out in the Reply, plaintiffs' Opposition was untimely filed. *See* ECF 18 at 1 n.1. BANA filed its Motion on June 10, 2019. *See* ECF 16. Therefore, pursuant to Local Rule 105.2(a) and Fed. R. Civ. P. 6(d), the Opposition was due 17 days later, on June 27, 2019.

plaintiffs submitted several documents with the Opposition. *See id.* at 9-17. Defendant has replied. ECF 18 ("Reply").

No hearing is necessary to resolve the matter. *See* Local Rule 105(6). For the reasons that follow, I shall grant the Motion in part and deny it in part. ECF 16.

## I. Background[4]

The dispute centers on a "Home Refinance Agreement" pertaining to plaintiffs' home on Hammaker Street in Thurmont, Maryland. ECF 3, ¶ 1. On February 16, 1999, plaintiffs executed a Home Refinance Agreement (the "Agreement") with NationsBank, N.A. ("NB"), in the amount of $119, 721.50. *Id.* ¶ 2; *see* ECF 3-2 ("Promissory Note"). The loan was secured by a Deed of Trust, which was duly recorded in the land records for Frederick County, Maryland. ECF 3, ¶ 3; *see* ECF 3-1 ("Deed of Trust").

The terms of the loan provided for 179 monthly payments of $1,202.76, beginning on April 2, 1999, with a final payment due on March 2, 2014, in the amount of $1,202.31. ECF 3, ¶¶ 4, 7; *see also* ECF 3-2. Payments were due the second of each month. ECF 3-2 at 1. Pursuant to the Federal Truth-in-Lending Disclosure included in the Promissory Note, plaintiffs would repay the lender a total of $216,496.35, of which $85,294.81 represented finance charges. ECF 3, ¶ 6; *see* ECF 3-2 at 1.

In or about 1998, NB merged with BANA. ECF 3, ¶ 8. As a result, BANA became the servicer of plaintiffs' loan. *Id.* According to plaintiffs, BANA "altered" the terms of plaintiffs'

---

However, plaintiffs filed the Opposition (ECF 17) on July 1, 2019, three days late. Plaintiffs did not seek an extension and have not endeavored to explain their delay. However, plaintiffs' tardiness has not prejudiced BANA. Thus, in the exercise of my discretion, I shall consider the Opposition.

[4] Given the posture of this case, I shall assume the truth of the facts alleged in the Complaint.

loan "without [their] request, authorization, consent, or even . . . knowledge[.]" *Id.* ¶ 9. When plaintiffs contacted BANA regarding their mortgage, they were told that the loan "was a [sic] interest only obligation, in direct contradiction of the loan papers[.]" *Id.* ¶ 10. Further, although BANA stated that it would assign a loan counselor to plaintiffs to address their concerns, plaintiffs were instead "passed through numerous customer services representatives," who, they allege, had "no real intention of correcting the matter." *Id.* ¶ 11.

A 2017 Statement Summary indicates that plaintiffs have a principal balance of $119,545.95 on the loan. *Id.* ¶ 12; *see* ECF 3-3 ("2017 Statement Summary"). According to plaintiffs, the principal balance is only $167.55 less than the original loan balance in 1999. ECF 3, ¶ 13. Yet, plaintiffs allege that since the origination of the loan in 1999, they have paid "approximately $145,624.52 in interest," which they assert amounts to a "$60,392.00 overpayment" in interest, as compared to the interest amount set forth under the loan's original terms. *Id.* ¶¶ 14, 15. Further, plaintiffs allege that they are "forced to continue" making payments "or risk placing their home into foreclosure." *Id.* ¶ 16.

On or about February 9, 2017, plaintiffs, through counsel, raised their concerns with the Bank's Customer Service Department and requested an accounting. *Id.* ¶ 17; ECF 3-5 ("BANA Customer Service Request"). On July 19, 2017, BANA acknowledged plaintiffs' inquiry but stated that it needed additional time to research the matter. ECF 3, ¶ 18; ECF 3-5.

This lawsuit followed on December 4, 2018. ECF 1.

## II. Standard of Review

### A. Rule 12(b)(6)

A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Rule 12(b)(6). *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th

Cir. 2010), *aff'd sub nom.*, *McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *see also Paradise Wire & Cable Defined Benefit Pension Plan v. Weil*, 918 F.3d 312, 317 (4th Cir. 2019); *Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). To be sure, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 10 (2014) (per curiam). But, mere "'naked assertions' of wrongdoing" are generally insufficient to state a claim for relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citation omitted).

In other words, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation

4

of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. "[A]n unadorned, the-defendant-unlawfully-harmed-me accusation" does not state a plausible claim of relief. *Iqbal*, 556 U.S. at 678. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. MTA*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). But, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Glassman v. Arlington Cty.*, 628 F.3d 140, 146 (4th Cir. 2010). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Courts ordinarily do not "'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses'" through a Rule 12(b)(6) motion. *Edwards,* 178 F.3d at 243 (quoting *Republican Party v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992)). However, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint,

the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.,* 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan,* 553 F.3d 334, 336 (4th Cir. 2009). Because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst,* 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies . . . if all facts necessary to the affirmative defense 'clearly appear[ ] *on the face of the complaint.*'" *Goodman,* 494 F.3d at 464 (quoting *Forst,* 4 F.3d at 250) (emphasis added in *Goodman*).

"Generally, when a defendant moves to dismiss a complaint under Rule 12(b)(6), courts are limited to considering the sufficiency of allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.'" *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) (quoting *E.I. du Pont de Nemours & Co.*, 637 F.3d at 448). Ordinarily, the court "may not consider any documents that are outside of the complaint, or not expressly incorporated therein . . . ." *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013); *see Bosiger v. U.S. Airways, Inc.*, 510 F.3d 442, 450 (4th Cir. 2007).

But, under limited circumstances, when resolving a Rule 12(b)(6) motion, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015). In particular, a court may properly consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits." *Goines*, 822 F.3d at 166 (citation omitted); *see also Six v. Generations Fed. Credit Union*, 891 F.3d 508, 512 (4th Cir. 2018); *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *U.S. ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014); *Am. Chiropractic Ass'n*

*v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), *cert. denied*, 543 U.S. 979 (2004); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).

However, "before treating the contents of an attached or incorporated document as true, the district court should consider the nature of the document and why the plaintiff attached it." *Goines*, 822 F.3d at 167 (citing *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 455 (7th Cir. 1998)). Of import here, "[w]hen the plaintiff attaches or incorporates a document upon which his claim is based, or when the complaint otherwise shows that the plaintiff has adopted the contents of the document, crediting the document over conflicting allegations in the complaint is proper." *Goines*, 822 F.3d at 167. Conversely, "where the plaintiff attaches or incorporates a document for purposes other than the truthfulness of the document, it is inappropriate to treat the contents of that document as true." *Id.*

A court may also "consider a document submitted by the movant that [is] not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines*, 822 F.3d at 166 (citations omitted); *see also Woods v. City of Greensboro*, 855 F.3d 639, 642 (4th Cir. 2017), *cert. denied*, __ U.S. __, 138 S. Ct. 558 (2017); *Oberg*, 745 F.3d at 136; *Kensington Volunteer Fire Dep't. v. Montgomery Cty.*, 684 F.3d 462, 467 (4th Cir. 2012). To be "integral," a document must be one "that by its 'very existence, *and not the mere information it contains*, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original). *See also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

In addition, "a court may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'" *Goldfarb*, 791 F.3d at 508; *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Katyle v. Penn Nat'l Gaming, Inc.,* 637 F.3d 462, 466 (4th Cir. 2011), *cert. denied*, 565 U.S. 825 (2011); *Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). However, under Fed. R. Evid. 201, a court may take judicial notice of adjudicative facts only if they are "not subject to reasonable dispute," in that they are "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

Moreover, in the context of a motion to dismiss, "[a] court may take judicial notice of docket entries, pleadings and papers in other cases without converting a motion to dismiss into a motion for summary judgment." *Brown v. Ocwen Loan Servicing, LLC*, PJM-14-3454, 2015 WL 5008763, at *1 n. 3 (D. Md. Aug. 20, 2015), *aff'd*, 639 F. App'x. 200 (4th Cir. May 6, 2016); *cf. Anderson v. Fed. Deposit Ins. Corp.*, 918 F.2d 1139, 1141 n.1 (4th Cir. 1990) (holding that a district court may "properly take judicial notice of its own records"). But, "these facts [must be] construed in the light most favorable" to the non-movant. *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013), *abrogated on other grounds by Reed v. Town of Gilbert, Ariz.*, 576 U.S. __, 135 S. Ct. 2218 (2015), *as recognized in Cahaly v. Larosa*, 796 F.3d 399 (4th Cir. 2015).

As noted, there are five exhibits attached to the Complaint: the Deed of Trust (ECF 3-1); the Promissory Note (ECF 3-2); the 2017 Statement Summary of plaintiffs' outstanding loan balance (ECF 3-3); correspondence from plaintiffs' counsel to BANA, dated February 9, 2017 (ECF 3-4); and BANA's response, dated July 19, 2017 (ECF 3-5). These documents are

specifically referenced in the Complaint. *See* ECF 3, ¶ 3 (citing ECF 3-1); ¶ 5 (citing ECF 3-2); ¶ 12 (citing ECF 3-3); ¶ 17 (citing ECF 3-4); ¶ 18 (ECF 3-5). Accordingly, at this juncture, I may consider the exhibits appended to the Complaint, without converting the Motion to one for summary judgment.

In contrast, I may not consider the documents that plaintiffs have attached to the Opposition. Some of these documents are cumulative. *See* ECF 17 at 9-12 (Promissory Note); *id.* at 17 (2017 Summary Statement). However, other documents attached to the Opposition were not submitted with the Complaint or incorporated therein by reference. *See id.* at 13 (BANA accounting statement from 1999); *id.* at 14-15 (correspondence from the Bank to plaintiffs concerning their loan, dated February 29, 2000, and February 28, 2001; *id.* at 16 (1098 Form for the year 2002). Plaintiffs may not amend their Complaint through their Opposition. *See, e.g.*, *Glenn v. Wells Fargo Bank, N.A.*, No. 15-cv-3058-DKC, 2016 WL 3570274 at *3 (D. Md. July 1, 2016) (declining to consider declaration attached to brief opposing motion to dismiss); *Mylan Labs., Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1068 (D. Md. 1991) ("'[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.'" (citation omitted)). Consequently, I cannot consider them in resolving the Motion.

### B. Rule 9(b)

To the extent that the suit lodges a claim of fraud, Fed. R. Civ. P. 9(b) is pertinent. Rule 9(b) states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

As a preliminary matter, claims that sound in fraud, whether rooted in common law or arising under a statute, implicate the heightened pleading standard of Fed. R. Civ. P. 9(b). *See, e.g.*, *E-Shops Corp. v. U.S. Bank N.A.*, 678 F.3d 659, 665 (8th Cir. 2012) ("Rule 9(b)'s heightened

pleading requirement also applies to statutory fraud claims."); *see also Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 781 (4th Cir. 2013) (stating that an MCPA claim that "sounds in fraud[] is subject to the heightened pleading standards of Federal Rule of Civil Procedure 9(b)").

Under the rule, a claim that sounds in fraud "'must, at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *U.S. ex rel. Owens v. First Kuwaiti Gen'l Trading & Contracting Co.*, 612 F.3d 724, 731 (4th Cir. 2010) (citation omitted). In other words, "'Rule 9(b) requires plaintiffs to plead the who, what, when, where, and how: the first paragraph of any newspaper story.'" *Crest Construction II, Inc. v. Doe*, 660 F.3d 346, 353 (8th Cir. 2011) (citation omitted).

Rule 9(b) serves several salutary purposes:

First, the rule ensures that the defendant has sufficient information to formulate a defense by putting it on notice of the conduct complained of.... Second, Rule 9(b) exists to protect defendants from frivolous suits. A third reason for the rule is to eliminate fraud actions in which all the facts are learned after discovery. Finally, Rule 9(b) protects defendants from harm to their goodwill and reputation.

*Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (citation omitted).

However, by its plain text, Rule 9(b) permits general averment of aspects of fraud that relate to a defendant's state of mind. And, a "court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts." *Id.* Moreover, Rule 9(b) is "less strictly applied with respect to claims of fraud by concealment" or omission of material facts, as opposed to affirmative misrepresentations, because "an omission 'cannot be described in terms of the time,

place, and contents of the misrepresentation or the identity of the person making the misrepresentation.'" *Shaw v. Brown & Williamson Tobacco Corp.*, 973 F. Supp. 539, 552 (D. Md. 1997) (quoting *Flynn v. Everything Yogurt*, HAR-92-3421, 1993 WL 454355, at *9 (D. Md. Sept. 14, 1993)).

### III. Discussion

#### A. Choice of Law

Although plaintiffs' claims arise under state law, neither party explicitly addresses the matter of choice of law. A federal court sitting in diversity must apply the law of the state in which the court is located, including the forum state's choice of law rules. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Colgan Air, Inc. v. Raytheon Aircraft Co.*, 507 F.3d 270, 275 (4th Cir. 2007). The law of the forum state, Maryland, guides this Court's choice-of-law analysis. *See Baker v. Antwerpen Motorcars Ltd.*, 807 F. Supp. 2d 386, 389 n.13 (D. Md. 2011) ("In a federal question [claim] that incorporates a state law issue, . . . a district court applies the choice-of-law rules of the state in which it sits unless a compelling federal interest directs otherwise.").

Plaintiffs assert tort claims. For tort claims, Maryland applies the principle of *lex loci delicti*, *i.e.*, the law of the "place of the alleged harm." *Proctor v. Wash. Metro. Area Transit Auth.*, 412 Md. 691, 726, 990 A.2d 1048, 1068 (2010). Given that plaintiffs' property, the subject of the loan, is located in Maryland, the alleged harm would have occurred in Maryland. Accordingly, I will look to Maryland law with respect to the analysis of plaintiffs' negligence and fraud claims.

#### B. Motion to Dismiss Based on The Promissory Note's Text

As a preliminary matter, BANA contends that plaintiffs' negligence and fraud claims are foreclosed by the plain language of the Promissory Note. ECF 16-1 at 4-5. Stated generally, the Complaint alleges that, at some point between 1998 and the present, BANA, either negligently or

fraudulently, altered the terms or payment schedule of plaintiffs' loan such that the loan's outstanding balance today is roughly the same as when the loan was originated nearly twenty years ago.

The Bank presents an alternate explanation for this outcome. The Promissory Note, BANA explains, clearly states that the loan is a "simple interest loan," as opposed to a "standard mortgage." ECF 16-1 at 4; *see* ECF 3-2 at 1. This distinction has important ramifications for how interest accrues on a mortgage. With respect to a standard mortgage, interest compounds monthly, meaning the amount the mortgagee owes at the end of each month does not depend on when the payment is made during that month. ECF 16-1 at 4. In contrast, the interest in regard to a simple interest mortgage compounds daily. In that scenario, if the mortgagee makes a payment before the monthly due date, less interest accrues; if he or she pays after the due date, more interest is owed, which extends the life of the loan. *Id.*

Because plaintiffs' loan is a simple interest mortgage, BANA posits that plaintiffs' failure to make timely payments would alter the amount of interest they owed and the number of payments they had to make to discharge the loan. ECF 16-1 at 5. Thus, defendant asserts that the Complaint fails to plausibly allege that BANA unlawfully altered the outstanding balance on the loan because plaintiffs "fail to allege that they made every payment on the second of each month." *Id.*

This argument does not compel the dismissal of the Complaint. To be sure, the Promissory Note makes clear that plaintiffs' mortgage is a simple interest loan. However, whether plaintiffs were tardy in making their monthly payments is a question of fact that cannot be resolved at this early stage in the litigation. Further, defendant is incorrect in its contention that the Complaint is deficient because it does not allege that plaintiffs always made timely payments. A plaintiff generally has no duty to plead facts to overcome the defendant's affirmative defenses. *See*

*Goodman*, 494 F.3d at 466; *see also Chin-Young v. United States*, 774 F. App'x 106, 114 n.3 (4th Cir. 2019) ("[W]e have long recognized that a complaint need not negate affirmative defenses . . . ."); *CX Reinsurance Co. Ltd. v. Leader Realty Co.*, 219 F. Supp. 3d 542, 546 (D. Md. 2016) ("A plaintiff is only required under Rule 8(a) to state a claim for relief, not to state also why affirmative defenses do not apply.").

In short, I shall not dismiss the Complaint on the basis of the terms of the Promissory Note.

### C. Count One

Count One asserts that BANA "negligently serviced the loan of [plaintiffs] resulting in a [sic] unauthorized change in loan terms, and the collection of excess monies." ECF 3, ¶ 19.

To assert a negligence claim, the plaintiff must plausibly allege "that (1) the defendant had a duty to the plaintiff, (2) the defendant breached the duty, (3) the plaintiff suffered actual loss, and (4) the loss was proximately caused by the breach." *Farasat v. Wells Fargo Bank, N.A.*, 913 F. Supp. 2d 197, 207 (D. Md. 2012) (citing *Rosenblatt v. Exxon Co., U.S.A.*, 335 Md. 58, 642 A.2d 180, 188 (1994)); *see also 100 Inv. Ltd. P'ship v. Columbia Town Ctr. Title Co.*, 430 Md. 197, 212-13, 60 A.3d 1, 10 (2013).

"It is well established that 'the relationship of a bank to its customer in a loan transaction is ordinarily a contractual relationship between debtor and creditor and is not fiduciary in nature.'" *Spaulding*, 714 F.3d at 778 (quoting *Kuechler v. Peoples Bank*, 602 F. Supp. 2d 625, 633 (D. Md. 2009)). Thus, because "[b]anks typically do not have a fiduciary duty to their customers," courts are "'exceedingly reluctant . . . to impose any duties on the bank not found in the loan agreement.'" *Spaulding*, 714 F.3d at 778 (quoting *Kuechler*, 602 F. Supp. 2d at 633); *see also Van Leer v. Deutsche Bank Sec., Inc.*, 479 F. App'x 475, 481 (4th Cir. 2012) ("Dealings between a bank and its customer generally do not allow for claims sounding in negligence.").

13

However, a contractual relationship may provide the basis of an alleged breach of duty. The standard under Maryland law for recognition of a tort duty in cases involving economic loss is drawn from the seminal case of *Jacques v. First National Bank of Maryland*, 307 Md. 527, 534-35, 515 A.2d 756, 759-60 (1986) (citations and footnote omitted):

> Where the failure to exercise due care creates a risk of economic loss only, courts have generally required an intimate nexus between the parties as a condition to the imposition of tort liability. This intimate nexus is satisfied by contractual privity or its equivalent. By contrast, where the risk created is one of personal injury, no such direct relationship need be shown, and the principal determinant of duty becomes foreseeability.

This doctrine is sometimes called the "economic loss rule." *See, e.g.*, *Farmers Bank of Md. v. Chicago Title Ins. Co.*, 163 Md. App. 158, 172, 877 A.3d 1145, 1153 (2005). And, in certain circumstances, judges of this Court have found a duty of care when the alleged negligence arises from an existing contractual relationship. *See, e.g.*, *Bank of Am., N.A. v. Jericho Baptist Church Ministries, Inc.*, PX-15-2953, 2017 WL 193498, at *7-8 (D. Md. Jan. 17, 2017); *Neal v. Residential Credit Sols., Inc.*, JKB-11-3707, 2013 WL 428675, at *5 (D. Md. Feb. 1, 2013); *Fields v. Walpole*, DKC-11-1000, 2012 WL 4050168, at *5 (D. Md. Sept. 12, 2012).

Defendant moves to dismiss Count One, asserting that plaintiffs have failed to raise a negligence claim because BANA "does not owe Plaintiffs any duty of care." ECF 16-1 at 6. Thus, it contends that plaintiffs could not lodge a negligence claim against BANA even if it "unilaterally changed the amount owed, loan term, finance charge, or interest rate" on plaintiffs' loan. *Id.* Although defendant acknowledges *Jacques*, 307 Md. 527, 515 A.2d 756, BANA argues that it is inapplicable because the Complaint fails to allege a special relationship between the parties. *Id.* at 7. In response, plaintiffs argue in a cursory fashion that Maryland law "impose[s] a duty of good faith and fair deal [sic] in the performance of contract action[s]." ECF 17 at 6.

Here, it is undisputed that the parties had a contractual relationship arising from the Home Refinance Agreement, which BANA acquired from NB. *See* ECF 3-1. As the *Jacques* Court made clear, "contractual privity" suffices to create an "intimate nexus" between BANA and plaintiffs. Moreover, plaintiffs have alleged that BANA was negligent with respect to that contract by changing the loan terms without plaintiffs' knowledge or permission. *See* ECF 1, ¶ 9. For example, plaintiffs allege that the final payment on the loan was to be March 2, 2014 (*id.* ¶ 7), yet BANA continues to collect payments from plaintiffs. *Id.* ¶¶ 12-16. And, plaintiffs allege that although BANA stated that it would provide a loan counselor to address their concerns, BANA has shuffled them from one customer service representative to another. *Id.* ¶ 11. These allegations give rise to a plausible claim of basic negligence on the part of BANA, even without any inference of fiduciary responsibility. As a result, plaintiffs' negligence claim survives the Motion.

### D. Count Two

In Count Two, plaintiffs allege that BANA "fraudulently serviced the loan of Mr. And [sic] Mrs. Davis altering the loan terms, without authorization or right." ECF 3, ¶ 19.

Under Maryland law, "'[f]raud encompasses, among other things, theories of fraudulent misrepresentation, fraudulent concealment, and fraudulent inducement.'" *Sass v. Andrew*, 152 Md. App. 406, 432, 832 A.2d 247, 261 (2003) (citation omitted). Regardless of the particular theory, the plaintiff must establish the elements of fraud "by clear and convincing evidence." *Md. Envir. Trust v. Gaynor*, 370 Md. 89, 97, 803 A.2d 512, 516 (2002).

In an action for fraudulent misrepresentation, which is the garden variety of fraud and often is described simply as "fraud," the plaintiff ordinarily must show:

(1) that the defendant made a false representation to the plaintiff;
(2) that its falsity was either known to the defendant or that the representation was made with reckless indifference as to its truth;
(3) that the misrepresentation was made for the purpose of defrauding the plaintiff;

15

(4) that the plaintiff relied on the misrepresentation and had the right to rely on it; and

(5) that the plaintiff suffered compensable injury resulting from the misrepresentation.

*Nails v. S&R, Inc.*, 334 Md. 398, 415, 639 A.2d 660, 668 (1994); *accord Thomas v. Nadel*, 427 Md. 441, 451 n.18, 48 A.3d 276, 282 n.18 (2012); *Sass*, 152 Md. App. at 429, 832 A.2d at 260.

To be actionable, a false representation "must be of a material fact." *Gross v. Sussex, Inc.*, 332 Md. 247, 258, 630 A.2d 1156, 1161 (1993). "A 'material' fact is one on which a reasonable person would rely in making a decision," *Sass*, 152 Md. App. at 430, 832 A.2d at 260, or a fact that "'the maker of the misrepresentation knows . . . [the] recipient is likely to regard . . . as important.'" *Gross*, 332 Md. at 258, 630 A.2d at 1161 (citation omitted). The "misrepresentation must be made with the deliberate intent to deceive," *Sass*, 152 Md. App. at 430, 832 A.2d at 260 (citing *VF Corp. v. Wrexham Aviation Corp.*, 350 Md. 693, 704, 715 A.2d 188 (1998)), and the defendant must "know[ ] that his representation is false" or be "recklessly indifferent in the sense that he knows that he lacks knowledge as to its truth or falsity." *Ellerin v. Fairfax Savings, F.S.B.*, 337 Md. 216, 232, 652 A.2d 1117 (1995).

A "defendant's deliberate misrepresentation of his existing intentions, where the misrepresentation was material to the transaction giving rise to the alleged fraud, may form the basis for an action in fraud or deceit." *Alleco Inc. v. Harry & Jeanette Weinberg Found., Inc.*, 340 Md. 176, 197, 665 A.2d 1038, 1048 (1995) (citations omitted). And, a "speaker's statement of what he or she will do in the future may constitute a representation of the speaker's present intention, which may support an action for negligent misrepresentation." *Gross*, 332 Md. at 272, 630 A.2d at 1169 (citing *Weisman v. Conners*, 312 Md. 428, 454-58, 540 A.2d 783, 796 (1988)).

Count Two sounds in fraud, and is therefore subject to the heightened pleading requirements of Rule 9(b). *See Spaulding*, 714 F.3d at 781. However, plaintiffs fail to identify a

16

false or misleading statement by BANA.  Further, the Complaint does not allege the manner in which plaintiffs relied on BANA's statements to their detriment.  Indeed, none of the allegations in the Complaint address fraud, with the stark exception of the paragraph in which Count Two is lodged.

In their Opposition, plaintiffs aver that they have satisfied Rule 9(b) because "[t]he Promissory Note clearly shows that the Note matured in March of 2015.  Yet Bank of America continues to require and draft a monthly payment from the Davises without any justification or support."  ECF 17 at 6.  But, this allegation does not raise a plausible inference that BANA materially misrepresented information to plaintiffs in order to defraud them.  Simply put, a dispute with respect to the terms of a loan, without more, does not amount to fraud.

Thus, because plaintiffs fall short of the heightened pleading requirement of Rule 9(b), Count Two is subject to dismissal, without prejudice.

### IV.    Conclusion

For the foregoing reasons, the Motion (ECF 16) shall be GRANTED in part and DENIED in part.  An Order follows, consistent with this Memorandum Opinion.


Date: October 8, 2019                              _____/s/_____
                                                                Ellen L. Hollander
                                                                United States District Judge